UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JONATHAN DANIEL HOCKETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-CV-117-PLR-CRW ) |
| WASHINGTON COUNTY, TN, ED GRAYBEAL, STEVE KAMPPI, and SGT. CAMPBELL, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

Plaintiff, a former prisoner of Washington County, has filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of allegations that Defendant Officer Kamppi used excessive force against him while he was in the Washington County Detention Center [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED** and this action will proceed only as to Plaintiff's excessive force claim against Defendant Officer Kamppi.

### I. FILING FEE

It appears from the motion for leave to proceed *in forma pauperis* [*Id.*] that Plaintiff is unable to pay the filing fee. Accordingly, this motion [*Id.*] will be **GRANTED**. Because Plaintiff is no longer incarcerated, the Court will not assess the filing fee.

### II. COMPLAINT SCREENING

#### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious,

fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). The dismissal standard articulated by the Supreme Court in and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

  **B.**  **Allegations**

Plaintiff alleges that on August 1, 2019, a little after midnight, the toilet in his cell in the Washington County Detention Center got stopped up and overflowed, but he could not get the attention of Defendant Officer Kamppi or Defendant Sgt. Campbell, who were the officers on duty [Doc. 2 p. 4]. However, when the water began to flow out from under the door of Plaintiff's cell, Defendant Officer Kamppi opened the cell door, shouted "not in my (expletive) jail," and pepper sprayed and struck Plaintiff at least three times in his skull and face with a closed fist, which rendered Plaintiff unconscious [*Id.*]. When Plaintiff woke, several officers were trying to stop his bleeding and a female officer told him to look at her for a picture, but when he could not hold his head up, she called him a name [*Id.*]. All of the officers then left Plaintiff bleeding on the floor that was wet from toilet water while he begged for medical assistance [*Id.*]. Plaintiff's mugshot

2

Case 2:20-cv-00117-PLR-CRW   Document 4   Filed 06/17/20   Page 2 of 4   PageID #: 24

was taken around nine a.m., and after that he got his first phone call and bonded out immediately [*Id.*]. Plaintiff has sued Officer Kamppi, Officer Campbell, Washington County, and Washington County Sheriff Ed Graybeal [*Id.* at 1–3] and he seeks financial compensation [*Id.* at 5].

### C. Analysis

First, Plaintiff has not set forth any facts from which the Court can plausibly infer that a custom or policy of Washington County caused a violation of his constitutional rights such that this municipality could be liable for the acts in the complaint under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a governmental entity may be liable under § 1983 only where its official custom or policy causes a constitutional rights violation). Thus, this Defendant will be **DISMISSED**.

Plaintiff likewise has not set forth any factual allegations that allow the Court to plausibly infer that Defendant Sgt. Campbell or Defendant Sheriff Graybeal were personally involved in any violation of Plaintiff's constitutional rights. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (providing that § 1983 liability cannot be premised upon a theory of respondeat superior). Thus, these Defendants also will be **DISMISSED**.

As to Defendant Kamppi, however, Plaintiff adequately alleges that this Defendant used excessive force against him in violation of his Eighth Amendment rights, and therefore this claim will proceed herein.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

3

2. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to Defendants Washington County, Sgt. Campbell, and Sheriff Graybeal and they will be **DISMISSED**;

3. Accordingly, this action will proceed only as to Plaintiff's claim for excessive force against Defendant Kamppi;

4. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Kamppi. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of receipt of this order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4;

5. Service shall be made on Defendant Kamppi pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

6. Plaintiff is forewarned that if he does not timely return the completed service packet, the Court will dismiss this action;

7. Defendant Kamppi shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant Kamppi fails to timely respond to the complaint, it may result in entry of judgment by default against him; and

8. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

E N T E R :

_____
**CHIEF UNITED STATES DISTRICT JUDGE**